HON. GRADY J. LEUPOLD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TWIN HARBORS WATERKEEPER,

    Plaintiff,

v.

ROGNLIN'S INC.,

    Defendant.

No. 3:23-cv-05797-GJL

[PROPOSED] CONSENT DECREE

## I.    STIPULATIONS

WHEREAS, Plaintiff Twin Harbors Waterkeeper ("Waterkeeper") filed two complaints on September 6, 2023 against Rognlin's, Inc. ("Rognlin's") alleging violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, relating to discharges of stormwater and other pollutants from two of Rognlin's industrial facilities, located at or about 100 East River Street, Aberdeen, WA, covered under NPDES permit no. WAR311781 (the "Equipment Shop"), and at or about US Hwy 105 & Charley Creek Rd., Aberdeen, WA, covered under NPDES permit no. WAR002714 (the "Concrete & Asphalt Facility" or "C&A Facility"), and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs in each case.

[PROPOSED] CONSENT DECREE
No. 3:23-cv-05797-GJL
1

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

WHEREAS, the two cases against Rognlin's were consolidated under this case number. *See* Dkt. 8.

WHEREAS, Waterkeeper and Rognlin's (the "Parties") agree that settlement of these matters is in the best interest of the Parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

WHEREAS, the Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Waterkeeper's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this __th day of ____, 2024

| | |
|---|---|
| STOEL RIVES LLP | SMITH & LOWNEY, PLLC |
| By _____<br>Veronica Keithley, WSBA #52784<br>*Attorneys for Defendant Rognlin's, Inc.* | By *s/Marc Zemel*<br>Marc Zemel, WSBA #44325<br>*Attorneys for Plaintiff Twin Harbors Waterkeeper* |
| ROGNLIN'S, INC. | TWIN HARBORS WATERKEEPER |
| By _____ | By _____ |

## II.   ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the Parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the Parties and subject matter of this action.

[PROPOSED] CONSENT DECREE
No. 3:23-cv-05797-GJL
2

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

2. Each signatory for the Parties certifies for that party that he or she is authorized to enter into the agreement set forth herein and to legally bind the party or parties, their successors in interest, and assigns of the Parties.

3. This Consent Decree applies to and binds the Parties and their successors and assigns.

4. This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by Rognlin's of the C&A Facility and the Equipment Shop . The Equipment Shop includes the Main Yard and a vehicle and equipment storage yard along the Chehalis River, across E. River Street and railroad tracks from the Main Yard (hereafter referred to as the "River Yard"). The C&A Facility, and Equipment Shop are collectively referred to herein as "the Facilities."

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint, the sixty-day notices, and any claims for which a stipulated penalty is paid pursuant to paragraph 7, and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facilities. Upon termination of this Consent Decree, these claims are released and dismissed with prejudice. Rognlin's payment of attorney's fees and litigation costs set forth in paragraph 9 of the Consent Decree will be in full and complete satisfaction of any claims Waterkeeper and Smith & Lowney, PLLC have or may have, either legal or equitable, known or unknown, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation. Enforcement of this Consent Decree is Waterkeeper's exclusive remedy for any violation of its terms. During the

[PROPOSED] CONSENT DECREE
No. 3:23-cv-05797-GJL
3

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

term of the Consent Decree, Waterkeeper will not support, by financial assistance, personnel time, or otherwise, other lawsuits or potential lawsuits by Waterkeeper's members or other groups or individuals that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facilities.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Waterkeeper in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of Rognlin's. Rognlin's agrees to the terms and conditions identified below in paragraphs 7-8 in full and complete satisfaction of all the claims covered by this Consent Decree:

7. Upon entry of the consent decree, Rognlin's will implement the following injunctive relief:

    a. Rognlin's will adhere to the requirements of the Clean Water Act at the Facilities and the terms and conditions of the Industrial Stormwater General Permit ("ISGP"), and once issued, the terms and conditions of the Sand and Gravel General Permit ("SGGP") as described paragraph 7.c., and an individual State Waste Discharge Permit for industrial discharges to a publicly owned treatment works for the Equipment Shop wash pad as described in paragraph 7.f. (the "Pretreatment Permit"), as applicable, as well as any successor or modified permits to those listed in this paragraph that apply to the Facilities.

    b. For the life of the consent decree, Rognlin's will, on a quarterly basis, electronically (1) forward to Waterkeeper copies of all submissions and

[PROPOSED] CONSENT DECREE
No. 3:23-cv-05797-GJL
4

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

written communications to and/or from the Department of Ecology ("Ecology") related to Rognlin's NPDES and Pretreatment Permit coverage for the Facilities, and (2) provide written progress reports to Waterkeeper that documents the steps taken to comply with the consent decree and its permits, where that information is not otherwise documented in correspondence with Ecology.

c. Rognlin's will, within thirty days of the effective date of this Decree, apply for coverage under the SGGP for the C&A Facility and, upon issuance of SGGP coverage by Ecology, meet all permit conditions thereof, including but not limited to the monitoring and reporting provisions, and Site Management Plan provisions, among others. For each day, starting thirty days after entry of the consent decree, that Rognlin's has not submitted a SGGP application to Ecology, Rognlin's will pay $5,000, split equally ($2,500 each) between the Quinault Indian Nation and the Confederated Tribes of the Chehalis Reservation for environmental benefit projects consistent with Exhibits 1 and 2. In addition, Rognlin's will hire a qualified consultant to assist in designing the C&A Facility's SGGP compliance program. Rognlin's qualified consultant will confirm compliance of the C&A Facility with the terms of the SGGP in a report within thirty days of Ecology granting SGGP coverage to the C&A Facility. The consultant will include written recommendations for improvements to the facility and processes that are required by the SGGP, as needed. Rognlin's will include

[PROPOSED] CONSENT DECREE
No. 3:23-cv-05797-GJL
5

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

a copy of the consultant's report with its quarterly reporting to Waterkeeper. Rognlin's will promptly implement the consultant's recommendations, if any, for SGGP compliance.

d. Within thirty days of entry of the consent decree, Rognlin's will store all creosote-containing wood at the C&A Facility under cover to eliminate contact with precipitation.

e. Rognlin's will continue to engage an outside, qualified and experienced consultant to advise the Facilities on permit implementation, as needed, including but not limited to discharge sample collection and handling procedures, interpreting lab reports, and accurately reporting data on DMRs.

f. For the Equipment Shop wash pad, Rognlin's will maintain and repair as needed the containment enhancements Rognlin's recently added. Within thirty days of entry of the consent decree, Rognlin's will submit an application for the Pretreatment Permit to Ecology for the discharges of its wash water to sanitary sewer and will immediately comply with the pretreatment permit's terms and conditions upon issuance. *See* 33 U.S.C. § 1317(b). For the life of the consent decree, Rognlin's will pay $5,000, split equally ($2,500 each) between the Quinault Indian Nation and the Confederated Tribes of the Chehalis Reservation for environmental benefit projects consistent with Exhibits 1 and 2, (1) for each time the wash pad discharges to a stormwater catch basin or runs offsite, and (2) for each day past the application deadline that Rognlin's has not submitted a pretreatment

[PROPOSED] CONSENT DECREE
No. 3:23-cv-05797-GJL
6

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

permit application to Ecology.

g. Within four months of entry of this consent decree, Rognlin's will complete the following improvements at the Equipment Shop to prevent offsite stormwater discharges except at the designated monitoring point(s): Rognlin's will extend the rock-filled perimeter ditch near the Equipment Shop entrance to surround the west, north, and east perimeters of the Main Yard. Rognlin's will also route the stormwater that currently discharges at the Equipment Shop's monitoring point 3 to monitoring point 1. At the River Yard, Rognlin's will complete the berm along the southern edge of the property, including along the asphalt paved area; add a berm along the eastern edge of the asphalt paved area; extend the rock-filled infiltration ditch around the remainder of the unpaved portion of the east side of the River Yard; and add a drivable water bar to the entrance gate. Within thirty days of entry of this consent decree, Rognlin's will provide Waterkeeper with a written, stamped report from a qualified engineer that certifies the engineer has designed the above improvements consistent with sound engineering standards, including evaluating the necessary variables, to prevent Equipment Shop stormwater discharges, except at the designated monitoring points(s), when the Facility experiences the water quality design flow rate as defined in the 2024 Stormwater Management Manual for Western Washington.

h. Rognlin's will immediately begin vacuum-sweeping the Equipment Shop's

[PROPOSED] CONSENT DECREE
No. 3:23-cv-05797-GJL
7

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

paved driveway and the portion of K Street adjacent to and north of the Equipment Shop's paved driveway along the facility's property line at least monthly to remove any tracked-out sediment. Rognlin's may install and maintain a wheel wash with specifications consistent with Ecology's Stormwater Management Manual for Western Washington and use it for every vehicle exiting the facility, at which time Rognlin's may suspend sweeping K Street.

i. Rognlin's will regularly maintain the structural BMPs and modifications made to the facilities since this lawsuit commenced.

j. Rognlin's will update its SWPPPs to reflect all changes and details required by the consent decree within thirty days of the completion of each item.

k. Rognlin's will allow representatives of Waterkeeper to inspect the Facilities once following completion of all Equipment Shop site improvements. Rognlin's will not unreasonably withhold permission for these site inspections on the date of Waterkeeper's choosing, and Waterkeeper will give at least one-week notice of the date. The parties will work cooperatively to find a mutually agreeable date. If, at the site inspections, Waterkeeper identifies and describes to Rognlin's any specific concerns with compliance with any term of this consent decree, Rognlin's will address those concerns within thirty days.

8. Payment in Lieu of Penalty: Within thirty (30) days of entry of this Consent Decree, Rognlin's will pay $375,000 (THREE HUNDRED SEVENTY-FIVE THOUSAND

[PROPOSED] CONSENT DECREE
No. 3:23-cv-05797-GJL
8

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

DOLLARS) to be distributed as follows to the specified recipients for use solely for projects that benefit water quality in Grays Harbor or the Chehalis River, as described in <u>Exhibit</u> 1, <u>Exhibit 2</u> and <u>Exhibit 3</u> to this Consent Decree.

  a. $30,000 (THIRTY THOUSAND DOLLARS) will be made payable to the Legacy Forest Defense Coalition. The check or ACH payment will be made to the order of the Legacy Forest Defense Coalition of Washington and delivered by check made payable to: Legacy Forest Defense Coalition of Washington, P.O. Box 7154, Tacoma, WA 984117. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Twin Harbors Waterkeeper v. Rognlin's Inc., W.D. Wash. No. 3:23-cv-05797-GJL."

  b. $130,040 (ONE HUNDRED THIRTY THOUSAND AND FORTY DOLLARS) will be made payable to the Confederated Tribes of the Chehalis Reservation. The check or ACH payment will be made to the order of the Confederated Tribes of the Chehalis Reservation, Department of Natural Resources, and delivered by check made payable to: the Confederated Tribes of the Chehalis Reservation, Department of Natural Resources, 26 Niederman Rd. Oakville, WA 98568. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Twin Harbors Waterkeeper v. Rognlin's Inc., W.D. Wash. No. 3:23-cv-05797-GJL."

  c. $214,960 (TWO HUNDRED FOURTEEN THOUSAND NINE HUNDRED AND SIXTY DOLLARS) will be made payable to the Quinault Indian Nation. The check or ACH payment will be made to the order of the Quinault Indian Nation and delivered by check made payable to: The Quinault Indian Nation, Office of

[PROPOSED] CONSENT DECREE
No. 3:23-cv-05797-GJL
9

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Attorney General, P.O. Box 613 Taholah, WA, 98587. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Twin Harbors Waterkeeper v. Rognlin's Inc., W.D. Wash. No. 3:23-cv-05797-GJL."

d.  Simultaneously, Rognlin's will send a copy of each of the checks or ACH remittance confirmations and cover letters, if any, to Waterkeeper and its counsel pursuant to the notice provisions in paragraph 18.

9. Within thirty (30) days of entry of this Consent Decree by the Court, Rognlin's will pay $71,500 (SEVENTY-ONE THOUSAND FIVE HUNDRED DOLLARS) to Waterkeeper to cover Waterkeeper's litigation fees, expenses, and costs (including reasonable attorneys and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Marc Zemel.

10. A force majeure event is any event outside the reasonable control of Rognlin's that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that Rognlin's timely notifies Waterkeeper of the event, the steps that Rognlin's will take to perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

11. Rognlin's will notify Waterkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after Rognlin's becomes aware of the event. In such event, the time for performance of the task will be extended for a

[PROPOSED] CONSENT DECREE
No. 3:23-cv-05797-GJL
10

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a.    Acts of God, war, insurrection, or civil disturbance;

    b.    Earthquakes, landslides, fire, floods;

    c.    Actions or inactions of third parties over which Rognlin's has no or limited control;

    d.    Unusually adverse weather conditions;

    e.    Restraint by court order or order of public authority;

    f.    Strikes;

    g.    Any permit or other approval sought by Rognlin's from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Rognlin's has timely and in good faith sought the permit or approval; and

    h.    Litigation, arbitration, or mediation that causes delay.

12. This Court retains jurisdiction over this matter, while this Consent Decree remains in force. While this Consent Decree remains in force, this case may be reopened without filing fees so that the Parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting will be held as soon

[PROPOSED] CONSENT DECREE
No. 3:23-cv-05797-GJL
11

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other Party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the Notice, either Party may file a motion with this Court to resolve the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any additional court proceedings necessary to enforce the terms and conditions of this Consent Decree.

13. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("EPA"). Therefore, upon the filing of this Consent Decree by the Parties, Waterkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

14. This Consent Decree will take effect upon entry by this Court. The Consent Decree terminates three (3) years after that date.

15. Both Parties have participated in drafting this Consent Decree.

16. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both Parties and the approval of the Court.

17. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either Party. The Parties agree

[PROPOSED] CONSENT DECREE
No. 3:23-cv-05797-GJL
12

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

18. Notifications required by this Consent Decree must be in writing. The sending Party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) email. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving Party at the one or more addresses listed below or to any other address designated by the receiving Party in a notice in accordance with this paragraph.

**If to Twin Harbors Waterkeeper**:

Savannah Rose
Twin Harbors Waterkeeper
PO Box 751
Cosmopolis, WA 98537
Email: savannah@twinharborswaterkeeper.org

**And to**:

Marc Zemel
Smith & Lowney PLLC
2317 East John St.
Seattle, WA  98112
Email: marc@smithandlowney.com

**If to Rognlin's:**
Katie Snodgrass
Rognlin's, Inc.
PO Box 307
Aberdeen, WA 98520
katie@rognlins.com

**And to:**

[PROPOSED] CONSENT DECREE
No. 3:23-cv-05797-GJL
13

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Veronica Keithley
Stoel Rives LLP
600 University, Suite 3600
Seattle, WA 98101
Email: veronica.keithley@stoel.com

Any party identified in the notice provisions above may affect a change in the notice address by providing a notice complying with these provisions to all other parties listed. A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day.

DATED this 4th day of November, 2024.

_____
Grady J. Leupold
United States Magistrate Judge

Presented by:

STOEL RIVES LLP                                SMITH & LOWNEY, PLLC

By _____              By *s/Marc Zemel*
Veronica Keithley, WSBA #52784         Marc Zemel, WSBA #44325
*Attorney for Defendant Rognlin's Inc.*   *Attorney for Plaintiff Twin Harbors Waterkeeper*

[PROPOSED] CONSENT DECREE
No. 3:23-cv-05797-GJL
14

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883